UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMSEY,<br>CDCR #K-99536,<br><br>                                    Plaintiff,<br><br>vs.<br><br>RONALD ZHANG, M.D.;<br>S. GATES,<br><br>                                    Defendants. | Case No.: 3:20-cv-01076-AJB-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § § 1915A(b)** |

Daniel Ramsey ("Plaintiff"), proceeding pro se, is currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead has filed a Prison Trust Fund Account Statement which the Court liberally construes to be a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

## I. IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce,* 136 S. Ct. at 629; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff has submitted a certified copy of his CDCR Inmate Statement Report showing his trust account activity at the time of filing, as well as a Prison Certificate signed by an RJD Accounting Officer attesting as to his monthly balances and deposits. *See* ECF No. 3 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff had no monthly deposits to his account, maintained an average balance of $.42 in his account over the six month period preceding the filing of his current Complaint, and had an available balance of only $.18 to his credit at RJD as of June 15, 2020. *See id.*; 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff's Motion to Proceed IFP (ECF No. 3), declines to exact any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.      Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.   <u>Standard of Review</u>

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing," and ideally before the service of process upon any

Defendant. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915[] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing

*Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

### B. Plaintiff's Allegations

Plaintiff transferred from High Desert State Prison ("HDSP") to RJD on April 3, 2014. (*See* Compl. at 3.) When Plaintiff was previously housed at HDSP, he was prescribed "daily opiate pain medication" by his "Primary Care Provider ("PCP")" to treat his "severe chronic pain in [his] neck, spine, left arm, and left shoulder." (*Id.*) Plaintiff alleges that his PCP at HDSP "ordered" him to "undergo spinal surgery while housed" at RJD. (*Id.*) However, Plaintiff claims that RJD officials have "constantly been putting off [his] surgery without [his] consent." (*Id.*)

Plaintiff alleges he was "cut off" his "morphine pain medication" because Defendant Zhang, Plaintiff's PCP at RJD, "believed [Plaintiff] wasn't taking morphine medication." (*Id.*) Plaintiff filed a "prison medical appeal" against Zhang. (*Id.*)

In 2019, Zhang replaced Plaintiff's morphine with "Tylenol [and] Mobic medications." (*Id.*) Zhang told Plaintiff that if these new medications "do not work to relieve [his] daily pain," Plaintiff was to "immediately inform him during [Plaintiff's] next follow up visit with him and he will place [Plaintiff] back on morphine." (*Id.*)

Plaintiff alleges that "[a]fter constantly pleading with medical staff about the Tylenol [and] Mobic medication NOT working to relieve [his] daily pain" and requesting to be seen by Zhang, he was "informed by all the Nurses on duty that [Zhang] was no longer [his] PCP and has left the Facility "C" Medical Clinic." (*Id.*) Plaintiff was told to

1  "take [his] medical problems up with [his] new PCP.  (*Id.*)

2  Plaintiff exhausted his administrative grievances to the "Third and Final Level of
3  Review."  (*Id.* at 4.)  Plaintiff claims Defendant Gates, the CDCR "Chief Medical
4  Director of Medical Appeals," concluded that Plaintiff's pain was "not affecting [his]
5  daily activities or daily living."  (*Id.*)  Gates further concluded that the "only reason that
6  [Plaintiff's] PCP discontinued" Plaintiff's morphine prescription was "due to abnormal
7  blood levels of morphine in [Plaintiff's] blood."  (*Id.*)  Plaintiff claims this is "highly
8  untruthful" because he purportedly took his morphine medication "every single day
9  without skipping any treatment."  (*Id.*)  Plaintiff alleges that Gates's "false misleading
10 conclusion" is a "clear act of 'deliberate indifference' to [his] daily medical needs."  (*Id.*)

11 Plaintiff seeks injunctive relief, along with $240,000 in compensatory damages,
12 and $350,000 in punitive damages.  (*Id.* at 7.)

13     C.    <u>42 U.S.C. § 1983</u>

14 "Section 1983 creates a private right of action against individuals who, acting
15 under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*
16 *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of
17 substantive rights, but merely provides a method for vindicating federal rights elsewhere
18 conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks
19 and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)
20 deprivation of a right secured by the Constitution and laws of the United States, and (2)
21 that the deprivation was committed by a person acting under color of state law." *Tsao v.*
22 *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

      D.    <u>Eighth Amendment Medical Care Claims</u>

There is no question that prison officials act "under color of state law" when housing and providing medical care to prisoners. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").

Therefore, in order to determine whether Plaintiff has pleaded a plausible claim for relief against any named Defendant based on their alleged denials of his request for morphine, the Court must review Plaintiff's Complaint and decide whether it contains sufficient "factual content that allows [it] to draw the reasonable inference" that "each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "The existence of an injury that a reasonable doctor

or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

At the screening stage of these proceedings, the Court will assume that Plaintiff's "severe chronic pain," is sufficient to show he suffers an objectively serious medical need. Compl. at 3; *McGuckin*, 974 F.2d at 1059.

However, even assuming Plaintiff's health conditions are sufficiently serious, his pleading fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference" to those needs. *McGuckin*, 974 F.2d at 1060; *Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

### 1. Claims against Defendant Zhang

Specifically, Plaintiff claims Zhang removed his morphine prescription but replaced this medication with alternative pain medications, Tylenol and Mobic. (*See* Compl. at 3.) Plaintiff further alleges that Zhang "clearly informed" him that if these other medications did not "relieve [his] daily pain" that he should "immediately inform [Zhang] during [Plaintiff's] follow up visit with [Zhang]." (*Id.*) However, when Plaintiff returned to the medical clinic, he was informed that Zhang was no longer his PCP and Zhang had "left the Facility 'C' Medical Clinic." (*Id.*)

To state an Eighth Amendment claim, Plaintiff's Complaint must contain "sufficient factual matter," and not just "labels and conclusions," *Iqbal*, 556 U.S. at 678, to plausibly show Defendants' "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096).

///

"A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted); *Hamby*, 821 F.3d at 1092. This he has failed to do.

Instead, he alleges facts that indicate Zhang gave Plaintiff an alternative medication to try to relieve his pain. Zhang also is alleged to have told Plaintiff to come back to see him if Plaintiff believed that the medication was not alleviating his pain. The fact that Zhang, for whatever reason, was no longer available to treat Plaintiff when he returned to the clinic does not demonstrate deliberate indifference on the part of Zhang. Plaintiff alleges he was told to "take [his] medical problems up with [his] new PCP." (Compl. at 3.) There are no allegations that Zhang purposefully refused to treat Plaintiff or that any other PCP that was later assigned to Plaintiff refused to treat his medical condition.

Therefore, the Court finds that Plaintiff has failed to state an Eighth Amendment inadequate medical care claim against Defendant Zhang.

### 2. Claims against Gates

Plaintiff seeks to hold Gates liable for responding to his administrative grievances with "misleading conclusions" and denying his request for relief. (Compl. at 4.) Specifically, Plaintiff alleges Gates was deliberately indifferent to his serious medical needs by "determining that [Plaintiff] does not suffer from any type of excruciating pain" and comparing Plaintiff's "medical needs and pain with other patients medical needs and pain who are able to manage and endure physical pain." (*Id.*)

A prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for Section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. Cal. Dep't of Corrs. & Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [. . .] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure." (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted)); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process" (citing *Ramirez*, 334 F.3d at 860)); *Wright v. Shapirshteyn*, No. CV 1-06-0927-MHM, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009) ("[W]here a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for the purposes of [Section] 1983." (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999))).

For these reasons, Plaintiff's claims against Defendant Gates are dismissed for failure to state a plausible claim upon which Section 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84.

### E. Leave to Amend

For the above reasons, the Court finds that Plaintiff's entire Complaint is subject to dismissal in its entirely. Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  June 22, 2020

Hon. Anthony J. Battaglia
United States District Judge