# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMSEY, CDCR #K-99536,<br><br>                                Plaintiff,<br>      vs.<br><br>RONALD ZHANG;<br>S. GATES,<br>                                Defendants. | Case No.: 3:20-cv-1076-AJB-RBB<br><br>**ORDER DISMISSING DEFENDANT AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT ON DEFENDANT ZHANG** |

## I.    Procedural History

On June 11, 2020, Daniel Ramsey ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Prison Trust Fund Account Statement which the Court liberally construed to be a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28

1  U.S.C. § 1915(a) (ECF No. 3).

2       On June 23, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and
3  DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)
4  and 28 U.S.C. § 1915A(b).  (ECF No. 4.)  Plaintiff was granted leave to file an amended
5  pleading in order to correct the problems identified in the Court's Order.  (*See id.*)

6       Plaintiff filed his First Amended Complaint ("FAC"), along with a Motion to
7  Appoint Counsel, a Motion "Requesting Injunctive Relief," and a second Motion to
8  Proceed IFP.  (ECF Nos. 6, 8, 10, 11.)  On August 18, 2020, the Court DENIED
9  Plaintiff's Motion to Appoint Counsel and Motion for Injunctive Relief.  (ECF No. 12.)
10 The Court also DISMISSED Plaintiff's FAC for failing to state a claim pursuant to 28
11 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).  (*Id.*)

12      On October 8, 2020, Plaintiff filed his Second Amended Complaint ("SAC").
13 (ECF No. 13.)

14 **II.    Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

15     A.    <u>Standard of Review</u>

16      As the Court previously informed Plaintiff, because he is a prisoner and is
17 proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C.
18 § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a
19 prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state
20 a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875
21 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*,
22 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002,
23 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is
24 'to ensure that the targets of frivolous or malicious suits need not bear the expense of
25 responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting
26 *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

27      "The standard for determining whether a plaintiff has failed to state a claim upon
28 which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

b.  <u>Waiver of Defendants</u>

In the Court's August 18, 2020 Order, Plaintiff was instructed that if he chose to file a SAC, it must be "complete by itself without reference to his original pleading." (*See* August 18, 2020 Order at 12.) In addition, the Court cautioned Plaintiff that "[d]efendants not named and any claim not re-alleged in his [SAC] will be considered waived." (*Id.* citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").)

/ / /

/ / /

/ / /

In his SAC, Plaintiff no longer names Defendant S. Gates. Thus, the claims against this Defendant are waived and this Defendant is dismissed from this action.

### D. Service of Remaining Defendant

As to the remaining Defendant, Ronald Zhang, the Court finds Plaintiff's SAC contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment).

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's SAC on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Defendant Gates. *Lacey*, 693 F.3d at 928. The Clerk of Court is directed to terminate this Defendant from the docket.

///
///
///
///
///

    2.    **DIRECTS** the Clerk to issue a summons as to Defendant **Zhang** and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the June 23, 2020 Order granting IFP status, certified copies of his SAC, and the summons so that he may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

    3.    **ORDERS** the U.S. Marshal to serve a copy of the SAC and summons upon Defendant **Zhang** as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

    4.    **ORDERS** Defendant, once he has been served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

    5.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on

Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  October 27, 2020

Hon. Anthony J. Battaglia
United States District Judge