UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMSEY,<br>CDCR # K-99536,<br><br>                           Plaintiff,<br>v.<br>RONALD ZHANG-MD, et al.,<br>                          Defendants. | Case No.: 20cv1076-AJB(RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CORRECT HARMLESS ERROR [ECF NO. 47];**<br><br>**REPORT AND RECOMMENDATION RE DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 37] AND GRANTING DEFENDANT'S REQUEST FOR RULE 56(d) RELIEF** |

      On March 24, 2021, Plaintiff Daniel Ramsey filed a Motion for Summary Judgment [ECF No. 37].[1]  On April 26, 2021, Defendant R. Zhang filed an Opposition to Plaintiff's Motion for Summary Judgment, in which he requests sixty days to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) in order to oppose Plaintiff's

---

[1] Plaintiff filed a "Motion to Correct Harmless Error" on May 19, 2021 [ECF No. 47], in which he seeks to correct two dates set forth in the exhibits to his Motion for Summary Judgment.  Plaintiff's motion is **GRANTED**.

motion [ECF No. 42]. Plaintiff filed an Opposition to Defendant's Request for Extension of Time on May 5, 2021 [ECF No. 43]. For the reasons set forth below, this Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED WITHOUT PREJUDICE** as premature and Defendant's request for relief under Rule 56(d) be **GRANTED**.

## I. BACKGROUND

Ramsey, a state prisoner proceeding pro se, initiated this civil rights action on June 11, 2020, by filing a Complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1]. He alleges that Defendant R. Zhang, a medical doctor, violated the Eighth Amendment by refusing to order an MRI and schedule him for neck and shoulder surgery, which had been recommended in 2012 by a physician at his prior prison facility. (Third Am. Compl. 2-3, ECF No. 35.) Plaintiff states that he has endured "excruciating pain" for seven years while awaiting surgery. (Id. at 3.)

A scheduling order governing discovery in this case was issued on February 24, 2021 [ECF No. 29]. Plaintiff's motion for summary judgment was filed only four weeks later, on March 24, 2021 [ECF No. 37]. The fact discovery cutoff is not until September 30, 2021, and the expert discovery deadline is January 14, 2022. (Order 1-3, ECF No. 29.) Therefore, much time remains in the discovery period.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002).[2] Rule 56(d) permits a court to grant certain relief to the nonmoving party when it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

---

[2] 2010 amendments to the Federal Rule of Civil Procedure renumbered and revised the former text of Rule 56(f) as Rule 56(d) but did not substantively change the rule in any manner relevant to the current analysis.

justify its opposition [of a motion for summary judgment]." Fed. R. Civ. P. 56(d). The court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id., R. 56(d)(1)-(3). Rule 56(d) is designed to deal with "premature" summary judgment motions, where the nonmoving party has not had a fair opportunity to conduct discovery prior to filing its opposition. See Celotex Corp v. Catrett, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should generally grant any Rule 56[(d)] motion fairly freely." Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

The Court finds that Defendant has satisfied the requirements of Rule 56(d). Zhang has provided a declaration from his counsel identifying the discovery he wishes to engage in, including Plaintiff's deposition, which Defendant claims may show that he was not Ramsey's treating physician during the relevant time frames and that it was not Defendant's decision to forego surgery in 2013, and expert discovery, which may demonstrate that Defendant treated Ramsey in accordance with California Department of Corrections and Rehabilitation pain medication management guidelines. (Def.'s Opp'n Attach. #1 Crenshaw Decl. 1-2, ECF No. 42.) Zhang's counsel believes this information will raise a genuine issue of material fact. (Id. at 2.) The Court concludes that Defendant has demonstrated that he has not had the opportunity to conduct sufficient discovery to oppose Plaintiff's motion for summary judgment.

This case is in the early stages of discovery and the deadline for dispositive motions is not until February 22, 2022. The parties therefore have ample time to file motions for summary judgment. Once discovery is undertaken and the parties have a better understanding of the facts, the grounds upon which Plaintiff is seeking summary judgment or the scope of relief sought may change. In addition, the Court should be able

to decide any summary judgment motion on a more complete record. The Court accordingly recommends that Defendant's request for Rule 56(d) relief be **GRANTED** and Plaintiff's Motion for Summary Judgment be **DENIED WITHOUT PREJUDICE**.

### III.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant's request for relief under Rule 56(d) [ECF No. 42] be **GRANTED** and Plaintiff's Motion for Summary Judgment [ECF No. 37] be **DENIED WITHOUT PREJUDICE**.

This Report and Recommendation will be submitted to the Honorable Anthony J. Battaglia, United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before June 4, 2021. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before June 14, 2021. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 20, 2021

Hon. Ruben B. Brooks
United States Magistrate Judge